

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 23, 1975

The Honorable Wilson E. Speir
Director
Texas Department of Public Safety
Box 4087
Austin, Texas 78773

Opinion No. H- 631

Re: Whether a person applying
for an occupational drivers license
must give proof of an automobile
liability insurance policy to the court
or to the Department of Public Safety

Dear Colonel Speir:

You have requested our opinion concerning a recently enacted amend-
ment to article 6687b, section 25a, V. T. C. S. See, 64th Leg., Senate Bill 58
(1975). The Act applies to convictions of any offense for which driver's
licenses are automatically suspended, providing in part:

> If, by order of the court, the person convicted is
> not confined or imprisoned, the court may enter an
> order restricting the operation of a motor vehicle
> to the person's occupation . . . provided the person
> gives proof of a valid policy of automobile liability
> insurance in accordance with the provisions of the
> Texas Motor Vehicle Safety-Responsibility Act, as
> amended. (Emphasis added).

The Act further provides that the judge shall be able to grant the
occupational license for a period longer than twelve (12) months provided the
person "give[ s] proof to the Department of Public Safety of a valid policy of
automobile liability insurance in accordance with the Texas Motor Vehicle
Safety-Responsibility Act. . . ." Additionally, the Act requires the surrender
of all driver's licenses and the forwarding of such license to the Department of
Public Safety along with the record of conviction and the court order. The
Department is thereupon to issue the restricted license.

Your question is whether the original proof of insurance must be sub-
mitted to the Department, or only to the court issuing the order. The Act ex-
pressly requires such proof to be submitted to the Department when "the order
is granted for longer than a twelve (12) month period." You note that unless
proof of insurance is submitted to the Department in all instances,

[t]he person granted the occupational license could cancel the policy immediately after he receives his license, and the Department would have no way of knowing of the cancellation.

Prior to the issuance of an occupational license a person must "[give] proof of a valid policy of automobile liability insurance in accordance with the provisions of the Texas Motor Vehicle Safety-Responsibility Act. . .," "which is article 6701h, V. T. C. S.   That Act requires proof of insurance to be submitted to the Department.   Secs.  13(c), 19(a), 20(a).   In our opinion a person "gives proof of a valid policy. . . in accordance with [article 6701h]" only when he submits such proof to the Department.   Accordingly, such proof must be submitted to the Department prior to the issuance of an occupational driver's license.

## SUMMARY

Proof of a valid policy of automobile liability insurance must be submitted to the Department of Public Safety prior to the issuance of an occupational driver's license.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad